Mr. Speaker, Seger spent nearly five years of additional time in a federal prison after his release date. Although he was housed in what is called the Commentment and Treatment Program facility and was a civil detainee, in actuality he was in an extremely punitive environment subject to more restrictions than those who are serving criminal sentences suffer from. In fact, the Civil Commitment Facility is on the grounds of the Federal Correctional Institution where Mr. Seger finished his criminal sentence. Upon his release, he was just moved from one housing unit to another. I wish I had put that in my opening brief, but it occurs in the appendix on page two of Mr. Seger's renewed motion to clarify terms of supervised release that is on the record. And so those are the facts that we know about what happened physically to Mr. Seger when he was transferred from criminal custody to civil custody upon completion of his term of imprisonment. That is important because, as the Seventh Circuit noted in Maranatha just recently, that one of the problems that courts have been having with the concept that a person can finish a term of imprisonment and yet still be in custody and yet be serving a term of supervised release is the fact that they never get out of prison. There are many times when there are, actually, let me go back to the Maranatha. And so Maranatha says, Miranda's, and it's not Maranatha, it's Miranda, excuse me. Miranda's reading ignores Adam Walsh's stay of release provision in 4248. That provision says that the government certifying Miranda as a sexually dangerous person stayed his release from federal prison. When 4248A is taken into account, Miranda's position amounts to an understanding that he was released from imprisonment during the time he remained at F.C.I. Butner, even though the government certificate stayed his release under 4248. There are other circumstances where a person can be released from imprisonment but not released from custody. And that is taken into consideration under the Bureau of Prisons program statements because there are all sorts of ways that a person can be released from custody of the Attorney General pursuant to a criminal sentence but not walk out on the street. Conversely, there are ways that a person can be walking out on the street and still be in the custody of the Attorney General. And so the court's concentration on the physicality of the location of a person is not supported by the interpretation of statutes either by the Bureau of Prisons or by courts. So that if a person is serving a term of imprisonment, they can, under 3621, be transferred to a halfway house, they can be transferred to home confinement, and they are still in the custody of the Bureau of Prisons even though they are not in a prison facility. What is the release that has stayed under 4248 in your view? It is the release from custody. And so that if a person is in the custody of the Attorney General, whether it be at a halfway house, whether it be at any other facility, at that point they remain in the custody of the Attorney General but from 4248 upon the termination of their custody pursuant to a criminal sentence, they are then in civil custody. So just so I follow this, in your view, you're in imprisonment until you go into custody of the Attorney General, right? Yes. So that means you've been released from imprisonment to the custody of the Attorney General. Correct. But now how can that happen given that the last sentence of 4248 says it stays the release? It is staying the release and so that one remains in the custody of the Attorney General. But how do you get into the custody of the Attorney General? That's my problem. One can get into the custody of the Attorney General in a number of ways and so... No, I meant how can you get there given the stay of release provision? So if you start in imprisonment... Correct. And you say the thing is release from imprisonment is what is stayed. Release from the custody of the Attorney General is what is stayed. And that's like where do you get that from textually if you could just walk me through because 4248... 4248 actually provides that somebody who is in the custody of the Attorney General, they don't have to be in the custody of the Attorney General pursuant to a term of imprisonment or a criminal sentence. Right, I'm just saying 4248 is the last sentence just so I understand how you're reading of it. It says it stays the release of the person. Right, from custody. What is that release? I thought you had said that the release is release from imprisonment but are you saying it's not release from imprisonment? Under 4248 it does not have to be released from a term of imprisonment. Correct. So you're allowed to release to the custody of the Attorney General, that's not stayed. Obviously not, right, because you have to be able to put them in civil detention. Right. But then when the Attorney General then released, what's then staying? The release by the Attorney General of the person into society? Yes. Just trying to figure... That their custody can be had of a person for purposes of 4248 under a variety of circumstances. So a person does not need to have been convicted of a criminal statute in order to be in the custody of the Attorney General. They can be charged with a criminal statute and unconvicted. Right, they're not imprisoned then. They can be in a prison facility while in the custody of the Attorney General. That's what I'm trying to say is that it's... But for 4248 to apply in the first instance, a person has to be imprisoned because of a physical of a criminal conviction. No. For it to apply at all, sure. No, absolutely not. So in other words, you have someone who's walking around in society and you can stay his release? No, it's just that there does not need to be a criminal conviction for the custody. Example would be 4241, pretrial civil commitment. Correct. But that release is stayed. Correct. But when you're imprisoned in connection with a crime, right, for a crime, you're imprisoned. Correct. 4248 seems to say we're supposed to stay the release from imprisonment if that's the situation. If that's the situation, what's interesting... Isn't that the situation in this case? The person was imprisoned. Here he was imprisoned. And then you say he was released to the custody of the Attorney General. He was released to the custody because he was transferred from one section of the... My question is how did that happen? What was stayed?  4248 seems to say he's supposed to stay that release. But he was maintained in custody and so his term of imprisonment ended. So then that release, that was not the release that was stayed. Correct. So then our question is what is the release that's stayed? Presumably, some release is stayed and maybe it's from the custody of the Attorney General. And that's... Because he's still... If that's what's stayed, then that's a problem for you though, isn't it? No, it's not. Actually, that's the way that the statute makes sense is because a person doesn't have to physically be in prison in order to be in the custody of the Attorney General pursuant to a term of imprisonment. And so when you say, well, they're all imprisoned if they're subject to a term of imprisonment, that's not true. In a case of someone who's in prison, what does the 4248 stay of release provision apply to? What does it ever stay? There is custody and so somebody can be in the custody of the Attorney General pursuant to a term of imprisonment and not be maintained in a prison facility. And so that term stays custody. At that point, they could be transferred from home confinement, which is an allowable placement by the Attorney General for service of a prison, of a term of sentence, a prison sentence, and then transferred to a prison facility, which would be this, the Commitment and Treatment Program facility. And so somebody could actually physically be taken from their home in the custody of a prison for civil purposes and still be within the terms of all of the statutes. So that's what I'm saying is that physicality relied upon by other courts makes no sense. Excuse me. Thank you. You've reserved two minutes. Ms. McGouey. I'm Margaret McGouey for the United States. Let me at the beginning acknowledge that there has been a real injustice done to this man. He has been held in Bureau of Prisons custody for five years longer than Judge Woodcock envisioned. He has been held in Bureau of Prisons custody five years longer than he anticipated. But that does not mean that Judge Woodcock was wrong in denying his motion for modification of supervised release. By now there are three unanimous circuits and one dissenter from the Ninth Circuit, all of whom have held, although in various different procedural postures, that the term released from imprisonment for purposes of this statute means physical release from custody, not the time the sentence expired. But times have changed between when Judge Woodcock ruled and when this Court is hearing the case now. And there is something that this Court can do now and there is something that Judge Woodcock can do right now. 18 U.S.C. section 3583E1 provides that a district court has authority to terminate supervised release early if three conditions are satisfied. One is that the term of supervised release has exceeded a year and has been served, that at least a year of supervised release has been served. Second, if the defendant's conduct warrants the early termination of supervision of release. And the third is if the interests of justice so require. This defendant has currently served 20 months of the 36-month term of supervised release that was originally imposed on him. So he has served more than one year for purposes of this statute. Second, I will represent to the Court that I have conferred with the defendant's probation supervisor and I have been informed that the defendant has been compliant with the terms of supervision. So it appears that the second criterion is satisfied. And third, I think that given an opportunity, Judge Woodcock might well conclude that under the unique circumstances of this case, which are not likely to recur, that the interests of justice might be served by terminating supervision. I'm glad you started here because I had a basic question about why we're here. It seems that the, on your view of it, the defendant asked for the wrong thing. And if the defendant would only ask for the right thing, his chances of getting his term of supervised release reduced are rather good. So have there been any discussions? Is there some reason that this other proceeding hasn't taken place? Well, the Notice of Appeal divested the District Court of Jurisdiction to act. And that's the only reason? I was about to propose a resolution of this case. Yes, it would be helpful. Perhaps immodestly so. But in the government's view, the appropriate resolution of this case is for the court to affirm the refusal to modify the terms of supervised release for the reasons outlined by the three circuits and the one dissent, but remand as soon as the court's decision making schedule permits to allow Judge Woodcock to consider an early termination of supervised release. That's what the government thinks is fair. Why couldn't we remand before a formal decision was issued in order to permit such a proceeding to go forward? You absolutely could. There is a procedure for that that counsel could have asked us to invoke at any time after the Notice of Appeal was filed. Correct. And we were not approached for that procedure. And you could have instituted it. Excuse me? But you could have instituted it. We could have. As you've instituted it today, as you've brought it up today. Well, at the time Judge Woodcock ruled, if I might point out, the defendant had only served about a month of supervised release. So at that juncture, it was not an option. But it is an option now. And that is the relief that the government thinks the defendant should receive now. Ms. Vila? Ms. Vila? Just about this one month, I don't believe that it was a month because I wasn't appointed until... That's not the issue. The issue is, are you going to, if this matter can be raised in the trial court, immediately raise it in the trial court? It is where the judge doesn't have jurisdiction to modify it or not to modify it. We can give the judge jurisdiction. Not if it's already, the term's ended. Why should somebody have to have their term ended as an act of grace if it's done? How can it be extended in order to have it be ended if it should just have been ended in 2011? And so this is just it, is that if the judge were to try and revoke a term of supervised release, if he doesn't have any jurisdiction because it is just done, what are we doing here? And so it is a way of looting the case if the term of supervision is no longer there. The court can reserve and remand to do that. But it doesn't answer the legal question, when did this end? Your interest in the legal question is that it might reduce the general amount of time of waiting? Is that the idea? If we rule for you now, there's a possibility that you get a good answer sooner than you would if we remand without resolving the issue. Exactly. But the risk is we rule against you. Right. And then you wait the entire time for us to get a plus, whatever happens on remand. Exactly. And so do you have a view between those? A view between those is that Mr. Seeger shouldn't be on supervision right now. And that's problematic. So if he can get off of supervision faster by the court just ruling on it, if he can get off of supervision because the government is going to support him getting off of supervision and the court says this is moot, that's fine. My client's interest is to be not serving a term of supervision that he should not be serving. But the bottom line is whether or not on behalf of your client you will consent to a remand of this case to the district court, the appeal not being decided, and pursue this alternative course of asking the district court to terminate the term of supervised release now. The only way that I would support that is if the government made a representation that they would support him being terminated from supervised release immediately. And they have not said that. As a matter of fact, their whole brief is that you need to supervise these people more because of all of the terms of why they should be supervised out in the transition. And so there is no guarantee that upon a remand the government would promote. I'm taking your views. There's nothing stopping the government from today, whether we remand or not, simply saying that in their view they don't believe supervised release. Is there anything that stops the government from doing that? Not that I know of. Okay. Ms. McGuire, if she were to file such a motion, would the government oppose such a motion? Would they support it? That's a different question. That is a different question. That's the one you want to know. That's exactly right. Do you have authority on this question? Circumstances of course can change between today and tomorrow. But if the circumstances are the same with the defendant being compliant with the terms of supervised release, the government would support an early termination of supervised release. That does not mean that the probation office will support the early termination of supervised release. I have no control over that. The only thing I do have control over is recommending that the court remand so that the court can at least consider the issue at the earliest convenience for the defendant. Thank you. Can I just because for the government, sorry, here, I just wanted to finish the substance of your argument. Yes. And I want to just walk through if I understand Ms. Villa's textual reading, I just want to see what you make of it. As I understand what she's saying is in 3624E when it says the term of supervised release commences on the day the person is released from imprisonment. Her contention is that when you're transferred to custody of the Attorney General, that does not constitute a release within the meaning of 3624E. And then the second step if I understand her argument is because of that, when in 4248 in the last sentence it says you shall stay the release, the release it has in mind is release from the custody of the Attorney General. If both of those propositions are true, then as I read the statute, assuming both of those were true, the term of supervised release commences on the day the person is released from imprisonment never occurs. Because there was a release to the custody of the Attorney General which was not a release from imprisonment under 3624E. And then the person being in civil custody of the Attorney General, that release is stayed, but so what? My understanding of the cases, Judge Barron, is that the custody to which the statute refers is the custody of the Bureau of Prisons. And that at all times the defendant was in the custody of the Bureau of Prisons, albeit on different portions of the Butner facility. The cases have consistently said that release from imprisonment means physically walking out the prison doors. And that is the proposition the government would urge the court to find in the government's favor, consistent with the relief that the government has recommended for this defendant. Does that answer your question? Yeah. That's your response to it. Thank you. Thank you. Ms. Vila, do you want to say anything more? Just your question, Judge Barron, I want to clarify is that a term of imprisonment for purposes of the release statute, the 3624E, is important to realize is that a term of imprisonment does not physically have to be served in a prison. And so that's the difference between it's a term in the custody of the Bureau of Prisons, but one doesn't physically have to be in a prison. And so that's why I'm saying is that there's a difference between being released from a term of imprisonment and then being transferred to the custody of the Bureau of the Attorney General. A term of imprisonment is custody of the Attorney General, but it's specialized. And that's why I'm saying is that... But when they transfer to the Attorney General because of the filing of the civil commitment, you say that's not a release from imprisonment, right? Because it's just to the custody of the Attorney General. And then 4248 stay provision has meaning because what it stays is release from the custody of the Attorney General in civil detention. That's your argument. That's it. Thank you.